November Term, 1880.

CASE No. 1009.

EVANS v. McLUCAS.

1. A conveyed to a railroad company a right of way over his land, and after-
wards A, B & C, a mercantile firm, erected a guano warehouse upon this
right of way, by permission of the railroad company.  After that, A con-
veyed to D land which included within its boundaries the site of the
warehouse, but before the recording of D's deed, A and B, by deed, sold
this building to C, who paid his money, having no knowledge of D's
deed.  In action brought by D against C for the possession of this ware-
house—*Held,* that the action could not be maintained for the warehouse as
a fixture, for fixtures go with the land as an incident, and plaintiff was
not entitled to the immediate possession of the land.

2. The verdict—we find the fee in land for plaintiff, the house for defend-
ant—was substantially a verdict for defendant.

3. Under the facts of this case the warehouse was personal property and did
not become a fixture; the builders could sell it, and plaintiff could not
recover it from the purchaser.

4. If the warehouse had become a part of the realty, plaintiff could not now
recover it; and defendant would be protected as a purchaser for valuable
consideration without notice.

Before WALLACE, J., Marion, April, 1879.

Action by Eliza J. Evans against John D. McLucas, for the
recovery of the possession of a warehouse, and for rents and
profits.   The case is fully stated in the opinion.

*Messrs. Townsend & McKerall,* for appellant.

*Messrs. Johnson & Johnson,* contra.

March 23d, 1881.   The opinion of the court was delivered by

McGOWAN, A. J.    This was an action "to recover the pos-
session of the S. A. Durham & Co. Warehouse," rents and profits,
&c., situated in the town of Marion, within sixty-five feet of the
centre of the track of the Wilmington, Columbia and Augusta
railroad.   William Evans originally owned the land, and he

had conveyed it to the said railroad company as a right of way, in accordance with the terms of the charter of the same, granted in 1846, and which provides as to such right of way, that "the said company shall have good right and title thereto, and shall have, hold and enjoy the same as long as the same may be used only for the purposes of the said road and no longer." 11 *Stat.* 389.

In 1869 the firm of S. A. Durham & Co., which was composed of S. A. Durham, John D. McLucas and William Evans, were doing a large mercantile business in the town of Marion, and, at the suggestion of William Evans, who owned the fee in the land, they obtained from the railroad company permission to erect a warehouse near the track of the road, for the purpose of receiving directly from the cars and storing guano and other heavy freights. The railroad company concurred in the project, and assisted by transporting lumber to build the house, which cost the firm $450, and was used by them for the purposes indicated.

In 1872 William Evans conveyed to his daughter, Eliza J. Evans, the plaintiff, for life, a tract of land, the boundaries of which included the ground on which the warehouse was built, but no reference to it was made in the deed, which was not recorded until February 8th, 1878, a short time before this action was brought.

In 1873 the firm of S. A. Durham & Co. dissolved and sold all their partnership property, including the warehouse, which was purchased by the defendant, McLucas, at the price of $300, for which he accounted in settlement, and took a deed of conveyance from S. A. Durham *and William Evans,* the other partners, which declares that "for and in consideration of *three hundred dollars* to us in hand paid by J. D. McLucas, the receipt whereof is hereby acknowledged, have granted, bargained, sold and released unto the said J. D. McLucas, all and each of our joint and several interest, right and title, to a building known as '*S. A. Durham & Co.'s Guano Warehouse,*' * * * together with all the rights and appurtenances thereto in any wise belonging, and we, the said Durham and Evans, for ourselves, our executors, administrators and assigns forever, warrant and de-

fend the right, title and interest of the said building unto the said McLucas, his heirs and assigns, against us, our heirs and assigns," &c.

William Evans afterwards died, and Eliza J. Evans brought this action for possession of the warehouse, claiming that as she is owner of the fee under her father's deed to her, she is entitled to the warehouse as an incident of such ownership, notwithstanding the easement of the railroad company in the land. The jury found " fee in land for plaintiff, the house for defendant." The plaintiff excepted to the rulings of the judge, and the appeal comes to this court.

The action was not to recover real estate, but " for the possession of the S. A. Durham & Co. warehouse," rents and profits, &c. An action for the land, or the warehouse as " *a fixture* " of the land, could not now be maintained by the plaintiff, for the reason that she is not entitled to the immediate possession of the land or anything on it as " a fixture" which, as an incident of the land, goes with it. William Evans, previous to his deed to her, had conveyed the land to the railroad company as a right of way, and she holds her fee subject to this right of the company to the possession and use of it. No action for the land or for possession of the warehouse as an incident to it, is now maintainable by any one except the railroad company, who are in possession for all purposes pertaining to their corporate functions, and likely so to remain in possession for an indefinite period. The railroad company is not here complaining, and we can only regard this an action for the warehouse as personal property. We shall not, therefore, consider more at length the *second, third, fourth, sixth* and *tenth* exceptions, which, in different forms, make points relating to the plea of purchase for valuable consideration without notice, which, in the view the court takes, has no proper connection with the case.

The remaining exceptions are as follows :

" 1. Because the defendant, in his answer, prayed for no affirmative relief, and the court erred in instructing the jury any could be afforded by their verdict.

" 5. Because his Honor erred in instructing the jury that as William Evans originally consented to the erection of the

building on the land in controversy, he being at that time the owner of it, the title to the building vested in the members of the firm of S. A. Durham & Co.

"8. Because his Honor erred in instructing the jury that although the house *was* a fixture the owner of the fee could sell it."

As to the first exception it is only necessary to say that the title to the land was not in issue by the pleadings, and the verdict is substantially a verdict for the defendant.

As a general rule, all things that are annexed to the land become a part of it, but to this there are exceptions, as where there is a manifest intention to use the alleged fixtures in some employment distinct from that of the occupier of real estate, or where the chattel has been annexed for the purpose of carrying on trade, it is not, in general, considered as part of the realty. In modern times, for the encouragement of trade, many things are now considered as personal property which seem to be attached to the freehold. This is particularly true as between landlord and tenant for years. The tenant may take away chimney pieces or a cider mill and press or pump erected by him on the land. It is well settled under the American decisions that this exception (as to fixtures) extends to houses and other structures of a permanent character, and that they may retain their character of personal property and be the subject of a distinct and independent ownership as chattels, apart from any title in the soil on which they are erected. *Carliss* v. *Hoyt,* 19 *Conn.* 154 ; 2 *Kent* 343 ; 2 *Bouv. Inst.* 163 ; 1 *Bail.* 540 ; 2 *Am. Lead. Cas.* 747, and authorities cited. For the purposes of this case the owner of the fee may be considered as the landlord, and the railroad company in a position analogous to that of tenant for years, having the right to erect buildings, such as depots connected with their business, without making them fixtures for the benefit of the land-owner. The railroad company having a dominant easement in the soil, erected or consented to have erected upon it a warehouse to facilitate their business as an assistant depot. The owner of the soil has no right to this building, and those who built it might, without damaging the land-owner, remove it at

any time if it could be done in such way as not to injure the land itself.

But in addition to this view, from the relations of the parties, it was a question of *intention* whether the house was to be a fixture for the benefit of the land-owner or personal property. The land-owner may waive the question of fixture, or, as stated by the Circuit judge, " sell it." Here all the parties, the railroad company and the owner of the fee, consented to the erection of the warehouse. William Evans consented, indeed assisted in erecting it, without saying anything about an ultimate claim as owner of the fee. He encouraged others to put their money into it. He afterwards joined in the sale, with warranty to the purchaser, receiving his part of the purchase money, and all who claim under him are now estopped from denying that the purchaser has good titles.

" When a person tacitly encourages an act to be done, he cannot afterwards exercise his legal right in opposition to such consent if his conduct or acts of encouragement induce the other party to change his position, so that he will be pecuniarily prejudiced by the assertion of such adverse claim." *Swain* v. *Seamens,* 9 *Wall.* 274; *Bollman* v. *Bollman,* 6 *S. C.* 46. As personal property, the plaintiff is not entitled to the warehouse as an incident to land of which she is not now entitled to the possession. She has no higher rights than her donor, who consented to its erection and afterwards joined in the sale of it as personalty and unaffected by his deed to her. She incurred no expense in building the house, and there is no proof that it injures the soil.

But if the warehouse were realty we do not see how it could benefit the case of the plaintiff. She could not now recover the land to which it is attached. Besides, the deed of plaintiff bears date *in* 1872, and was not recorded until *February* 8th, 1878. The defendant's title to the warehouse bears date *February* 1st, 1873, and was recorded within the same month. The defendant swears that when he purchased he had no notice of the deed to plaintiff or that any claim had been set up in conflict with his own until a short time before suit was brought. The judge having referred the question of notice to the jury, and they, by

their verdict, as we must assume, having found that the defendant had no notice, the deed of plaintiff not having been recorded in the time required by law, and not until after the deed of defendant was recorded, was, as to the defendant, void and incapable of barring his rights under the operation of the recording acts. *Gen. Stat.* 422; *Act* 1872, 15 *Stat.* 5.

The judgment below is affirmed and the appeal dismissed.

SIMPSON, C. J., and McIVER, A. J., concurred.