8612

### HURST v. CRAIG FURNITURE CO.

1. CHARGE—WORDS AND PHRASES—ISSUES.—Where the evidence as to what the word "awning" means is conflicting, it would be a charge on the facts for the Judge to instruct that it included the frame and attachments because both are included under that term in the stock list.

2. TRADE FIXTURES—ISSUES.—Whether an attachment to a building by a tenant for purposes of trade is to be regarded as a trade fixture is a mixed question of law and fact and depends on the intention of the parties.

3. IBID.—WILFULNESS.—An outgoing tenant may be liable in punitive damages for removing fixtures put on a building while he occupied it for trading purposes.

4. IBID.—IBID.—Where an outgoing tenant attempts to remove his trade sign from a building by a reckless use of paint, the jury may infer he did it wilfully.

5. APPEAL.—Where the record does not show the Judge was requested to instruct that there was no evidence to sustain an allegation in the complaint, his failure to do so should not be made the basis of an exception.

Before SPAIN, J., Sumter, November, 1912.   Affirmed.

Action by Fannie E. Hurst against J. D. Craig Furniture Company, R. F. Haynsworth and W. C. Wise. Defendants appeal on the following exceptions:

1. "Because his Honor erred, it is respectfully submitted, in excluding the testimony of R. F. Haynsworth, one of the defendants, as to a conversation had between him and J. D. Craig from whom R. F. Haynsworth purchased a one-half interest in said business, as to the fixtures involved in this suit, on the ground that the said testimony was incompetent under section 400 of the Code, whereas, his Honor should have allowed the defendant and witness, R. F. Haynsworth, to testify as to the conversation with J. D. Craig as the same was competent under section 400 of the Code, and relevant to the issues in this case, and said testimony was material, and probably would have changed the result of the said case.

2. "Because his Honor erred, it is respectfully submitted, in refusing to allow the defendant and witness, R. F. Haynsworth, to answer the question, ruling that the same was incompetent under section 400 of the Code, as follows: 'Q. At the time you purchased it, did he represent these fixtures as being a part of the business?' The error being that J. D. Craig, owning the business out of which this suit arose, sold a one-half interest to this witness and his repre-

sentations at such time were material to this cause, and the plaintiff having gone into said conversation, and having been examined in regard to said transaction or communication, and evidence as to the same having been given on the trial in behalf of the plaintiff, that then the testimony was competent under section 400 of the Code, and the witness should have been allowed to answer the same, and if the answer had been allowed the same would probably have changed the result of this trial.

3. "That his Honor erred, it is respectfully submitted, in refusing to allow R. F. Haynsworth, one of the defendants and witness, to testify as to any conversation with J. D. Craig concerning his purchase of one-half interest in the business from the said J. D. Craig out of which this suit arose, and holding that all such conversation was incompetent under section 400 of the Code, whereas, his Honor should have allowed the witness, R. F. Haynsworth, to testify as to the said conservation, transaction and agreement with the said J. D. Craig, the plaintiff having gone into the same, testified as to said conversation and transaction, and testimony having been offered on behalf of the plaintiff as to such conversation or transaction, and therefore the witness should have been allowed to testify as to the same.

4. "Because his Honor erred, it is respectfully submitted, in charging the jury as follows: 'Now, as to that awning, that is a question of fact for you to determine whether the word "awning" includes the frame and the covering, or just the covering.' The error being that his Honor should have charged the jury that the word 'awning' as used in stock taking included the frame, and the stock taking being in writing, it was the duty of the Court to construe the same.

5. "Because his Honor erred, it is respectfully submitted, in not charging the jury that all of the chattel property referred to in the complaint were trade fixtures, and as such were removable by the tenant within the term of his lease.

6. "Because his Honor erred, it is respectfully submitted, in leaving to the jury the determination of the class of property referred to in the complaint, but should have held that the same were trade fixtures, which, under the evidence, were removable by the tenant at any time within the term of his lease, and therefore the tenant was not liable for removing the same.

7. "Because his Honor erred, it is respectfully submitted, in charging the jury as follows: 'Now, you must take into consideration, what was the intention—what was the intention of the parties? Did they intend when they—these fixtures were fixed to the realty, to use them for the purpose of carrying on their trade, or was it for the purpose of becoming a convenience to the land? * * * Now, that is a question of fact for you to determine, whether these are fixtures under the law as I charge you, or whether they are not fixtures.' The error being that his Honor should have charged the jury that all of this property were trade fixtures, removal by the tenant during the term of his lease.

8. "Because his Honor erred, it is respectfully submitted, in not directing a verdict for the defendants, on the ground that all of the chattels were from their nature trade fixtures, removable by the tenant who put them in within the term of the lease.

9. "Because his Honor erred, it is respectfully submitted, in not directing a verdict except as to the actual value of the awning frames, there being no testimony that any of the property was other than trade fixtures put into the building by the tenant for the purpose of its business, and therefore removable by it during the term, and therefore defendants could not be held liable for the value of the fixtures, same being the property of the defendant, J. D. Craig Furniture Company, and they having the right under the law of this State to remove the same.

10. "Because his Honor erred, it is respectfully submitted, in not directing a verdict as to punitive damages, there

being no evidence sufficient to sustain an action for punitive damages, the defendants merely having removed certain trade fixtures belonging to it without in any way damaging or injuring the property of the plaintiff, and therefore there was no testimony on which to base punitive damages in this action.

11. "Because his Honor erred, it is respectfully submitted, in not granting a new trial on the ground that the chattels out of which this action arose were from their nature trade fixtures and removable by the tenant who put them in during the term.

12. "Because his Honor erred, it is respectfully submitted, in not setting aside the verdict and granting a new trial on the ground that there was no testimony to sustain punitive. damages, and no testimony to sustain any actual damages, the property being removed being the property of the defendant, J. D. Craig Furniture Company.

13. "Because his Honor erred, it is respectfully submitted, in not directing a verdict as to the allegation as to painting out the sign of the defendant, J. D. Craig Furniture Company, from the outside of the store building of the plaintiff, as the same was a trade fixture and removable by the tenant during the term, and the tenant had a right to obliterate its trade name so painted on the store building.

14. "Because his Honor erred, it is respectfully submitted, in not granting a new trial on the ground that there was no testimony showing that the defendants were in any way liable for the painting out of the sign on the outside of the store building, as the sign was a trade name of the J. D. Craig Furniture Company, and the sign, after being placed upon the said building, became a trade fixture and removable by the tenant during its term, and the mere attempt to remove the same was no ground upon which to base a cause of action.

15. "Because his Honor erred, it is respectfully submitted, in allowing the jury to consider the question of the

stable door or gate, the error being that the evidence having shown that the gate or door of the stable had fallen from its support by reason of the natural wear and tear of its use, that then these defendants were not liable for the same having fallen off the hinges, and therefore there was nothing actionable in the gate having fallen off its hinges from ordinary use, wear and tear."

*Messrs. Lee & Moise,* for appellants, cite: *Tenant has right to remove trade fixtures:* 7 L. Ed. 138; 35 Id. 1055; 52 S. C. 619; 44 S. C. L. 135; 15 S. C. 67; 51 S. C. 28; 31 S. C. 274; 15 L. R. A. 462.

*Mr. L. D. Jennings,* contra, cites: *As to fixtures:* 1 Bail. 540; 3 Hill 613; 51 S. C. 29.

July 14, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The following statement appears in the record:

"This action was commenced by the service of the summons and complaint on the 12th day of February, 1912.

"The plaintiff was the owner of a store building in Sumter, S. C., and same had been rented to the J. D. Craig Furniture Company, the term expiring December 31, 1911.

"During the tenancy J. D. Craig Furniture Company had placed within said store building for its own use, some electric light wiring upon the wall and ceiling, and had painted its firm name and sign, on the upper southern corner of the outside of the southern wall of the store building. The plaintiff also claimed to own the awning frame in front of the store, horse trough in the yard, and two shop drawers.

"The plaintiff on the trial admitted that the defendant, J. D. Craig Furniture Company, had placed the electric wiring in the store, but claimed that same belonged to her, and also the other property mentioned.

"Before the end of the tenancy, the defendant, J. D. Craig Furniture Company, removed the awning frame, electric wiring and horse trough, and attempted to paint out the sign of this defendant on the outside of the store building. They were prevented from painting out the sign, by the act of the plaintiff and her agent. The defendant denied having taken the shop drawers, and stated they knew nothing about them.

"This action was brought to recover $10,000 actual and punitive damages for the removal of the awning frame, electric wiring, shop drawers, and horse trough, and tearing down of the stable door, and for painting out the sign on the outside of the building, and alleged misconduct of defendants in removing same.

"The defendant, J. D. Craig Furniture Company, claimed it had a right to remove this property, on the ground that the same belonged to it, except the shop drawers, which they knew nothing about, and they also claimed that they had a right to paint out the sign, on the outside of the building, as it was their corporate name and business sign, and it was put up merely for the purpose of advertising. The defendants claimed that the articles removed were merely trade fixtures, and that they had the right to remove the same, during their tenancy. That the stable door fell down from ordinary wear and tear.

"The plaintiff contended, that the property could not be removed, as they were not trade fixtures, but the property of the plaintiff.

"The jury returned a verdict for $100 actual damages and $945 punitive damages, which was reduced.

"On motion for a new trial, Judge Spain granted a new trial *nisi* unless the plaintiff remit all punitive damages over $500, which was done, and judgment entered in due course for $600."

The defendants appealed upon exceptions, which will be reported.

*First, Second and Third Exceptions:* These exceptions seem to have been taken under misapprehension, as it does not appear from the record, that his Honor, the presiding Judge, excluded the testimony mentioned in the exceptions. Furthermore, the testimony was clearly inadmissible under section 438 of the Code of Procedure (1912).

*Fourth Exception:* The presiding Judge could not have charged the jury, as contended by the appellants, without invading their province for the reason that the testimony upon that question was conflicting.

*Fixth, Sixth, Seventh, Eighth and Ninth Exceptions:* In the case of *Padgett* v. *Cleveland,* 33 S. C. 339, this Court recognized the following, as a correct definition of a fixture: "A fixture is an article which was a chattel, but by being physically annexed to the realty by one having an interest in the soil, becomes a part and parcel of it." In that case the Court quotes with approval the following words of a distinguished Judge: "It is difficult to define the term, and there is inextricable confusion both in the textbooks, and the adjudged cases as to what is such annexation of chattels to realty, as to make them part and parcel, and pass by a conveyance of the realty. Any attempt to reconcile the authorities on the subject would be futile, and to review them would be an endless task."

In *Evans* v. *McLucas,* 15 S. C. 70, the rule is thus stated: "As a general rule, all things annexed to the land, become a part of it, but to this there are exceptions, as where there is a manifest intention to use the alleged fixtures in some employment, distinct from that of the occupier of real estate, as where the chattel has been annexed for the purpose of carrying on trade, it is not, in general, considered as part of the realty."

Mr. Justice McGowan, who delivered the opinion of the Court in the case of *Padgett* v. *Cleveland,* 33 S. C. 339, 11 S. E. 1069, uses this language: "We think, however, the general statement may be safely made, that in the later cases

there has been a decided relaxation, as to the original rule of the common law governing the freehold, and that this modern relation has been effected chiefly in favor of trade. * * * Besides this confusion in the law, and whether an article of personal property has been so annexed to the soil, as to make it a permanent fixture and as such not movable, is always a mixed question of law and fact."

In *Hughes* v. *Shingle Co.,* 51 S. C. 1, 28 S. E. 2, the Court quotes with approval the following statement of the rule: "Where a structure is placed upon land, not to promote the convenient use of the land, but to be used for some temporary purpose, external to the land, and the land is used only as a foundation, because some foundation is necessary for the business, then the structure and its belongings are not fixtures."

The great confusion in regard to the law of fixtures, has arisen from the effort to construe that as a fixture in one case, because it was so regarded in other cases. A fixture involves a mixed question of law and fact. It is incumbent on the Court to define a fixture, but whether it is such in a particular instance depends upon the facts of that case, unless the facts are susceptible of but one inference. In modern times, the question whether the article is to be regarded as a fixture depends generally upon the intention of the parties in the particular case. Tested by these principles the exception must be overruled.

*Tenth and Twelfth Exceptions:* We do not deem it necessary to quote the testimony, to show that these exceptions cannot be sustained.

*Eleventh Exception:* What has already been said disposes of this exception.

*Thirteenth and Fourteenth Exceptions:* There was testimony tending to sustain the allegations of the complaint as to the manner in which the defendant attempted to erase the sign, by the reckless use of paint.

*Fifteenth Exception:* The record does not disclose the fact, that the presiding Judge was requested to instruct the jury, that they could not consider this element of damages, on the ground that there was a failure of testimony to sustain the allegations of the complaint, in this respect.

Judgement affirmed.

MR. JUSTICE FRASER *disqualified.*