### 8992

#### SAYE *ET AL.* v. HILL.

##### (84 S. E. 307.)

FIXTURES.    CHARGE.    DEEDS.    JUDGMENT.    RES JUDICATA.    VERDICT. NEW TRIAL.

1. FIXTURES—INTENT AND MANNER OF ANNEXATION.—While the manner in which a thing is attached to the soil may be of some value in determining whether it is a fixture or not, it does not afford an absolute or conclusive test, and the intention with which it is so attached is usually a more controlling factor, though all of the circumstances should be considered.
2. FIXTURES—PURPOSE FOR WHICH· ANNEXATION IS MADE.—Where houses are built and expensive machinery installed, with ·every appearance of permanency, under a license from the owner of the soil or a lease thereof, and under agreement for, and with the intention of, removal at the expiration of the license or lease, they are not fixtures.
3. FIXTURES—PURPOSE FOR WHICH ANNEXATION IS MADE.—Where a structure is placed upon land not to promote the convenient use of the land, but to be used for some temporary purpose external to the land, and the land is used only as a foundation because some foundation is necessary, the structure and its belongings are not fixtures.
4. FIXTURES—CHARGE.—A refusal to charge "that where a structure is placed upon land not to promote the convenient use of the land, but to be used for some temporary purpose, external to the land, and the land is used only as a foundation, because some foundation is necessary for the business, then the structure and its belongings are not fixtures," is error.

5. Fixtures—Charge.—A charge that "if machinery in question were a part of, fixed or attached to a house, or the house was built around the machinery, or for the purpose of putting the machinery in it, and the machinery was placed in the house and attached securely and firmly to the soil, then it became 'fixture;' *held*, erroneous, as ignoring other circumstances which should be considered in determining whether or not the house and machinery were fixtures.

6. Trial—Questions of Law or Fact—Construction of Written Instruments.—It is for the Court, and not for the jury, to construe all instruments in writing.

7. Deeds—Construction—Charge.—When so requested it became the duty of the Court to construe a deed in evidence, and charge the jury, whether or not certain articles upon the land, thereby conveyed, that were not fixtures, passed with the land to the grantee.

8. Deeds — Property Conveyed — Personal Property. — Defendant erected on land conveyed to a railroad company for a particular purpose a cotton gin, grist mill, and planing mill, in which he installed machinery, including a stationary engine bolted to heavy timbers imbedded in the soil around which the floor of the building was laid. The grantor recovered possession of the land; the decree providing that defendant should have until a specified date to remove his buildings. He failed to remove the buildings or machinery within that time, and the grantor subsequently conveyed to plaintiffs. Thereafter defendant went upon the land and removed the engine and grist mill and also pipes and pumps with which certain wells were fitted, and which were used in connection with the machinery. *Held*, that the deed to plaintiffs did not convey any articles in the buildings or in or on the land that were not fixtures.

9. Judgments—Res Judicata.—A judgment in a prior action between the same parties or their privies adjudging certain buildings and machinery on lands not to be fixtures, renders their status as such *res Judicata* where nothing has occurred thereafter to change such status.

10. Fixtures—Property Placed on Land of Another.—The decree, in effect, adjudged that the buildings and the machinery therein were not fixtures, and nothing occurred thereafter to change the status of such property, except the failure to remove it within the specified time, which did not forfeit defendant's property therein, and hence, in an action against defendant for conversion, it was error to charge that, if the mill and engine and things of that sort were a part of or fixed or attached to the building, if the building was built around it, or built for the purpose of putting the mill in it, and the mill and engine were put in it and attached securely and firmly to the soil, they became fixtures, and defendant had no right to remove them.

Footnote.—Intention as criterion in determining whether an article is a fixture, see notes in 3 L. R. A. 34 and 10 L. R. A. 723.

11. VERDICT—NEW TRIAL.—Where a general verdict for damages is rendered upon issues as to the commission of both a trespass and a conversion, and the issue as to conversion was erroneously submitted to the jury, a new trial should be granted.

Before WATTS, J., Yorkville, September, 1911. Reversed.

Action by Ella R. Saye and Vessie. R. Brandt against W. L. Hill for damages alleged to grow out of a trespass upon lands, and the conversion of articles found thereon. From judgment for plaintiffs, defendant appeals. The facts are stated in the opinion.

The exceptions were as follows:

1. Because the trial Judge erred in not charging the jury, as requested, "That where a structure is placed upon land, not to promote the convenient use of the land, but to be used for some temporary purpose, external to the land, and the land is used only as a foundation, because some foundation is necesasry for the business, then the structure and its belongings are not fixtures"—the said request.containing a correct statement of the law applicable to the case then being tried.

2. Because the trial Judge erred in not charging the jury, as requested, that "It is for the Court, and not the jury, to construe all instruments in writing. The jury is charged that the deed offered in evidence will not, or did not, carry articles in the houses, or in or on the land, that were not fixtures"—the said request containing a correct statement of the law applicable to the case then being tried.

3. Because the trial Judge erred in charging the jury as follows: "I charge you further, as matter of law, if Mr. Rainey conveyed this property to the plaintiffs in this case and the defendant in this case failed to avail himself of the privilege awarded him by Judge Wilson's order in removing the houses and fixtures and personal property that he had on the premises up to that time and allowed it to remain there until this property was conveyed by Mr. Rainey to

the plaintiffs in this case, if it was conveyed, then he had no right after that time to go there and remove any house, and if this mill and engine and things of that sort was a part of, or fixed, or attached to the house, if the house was built around it, or if the house was built there for the purpose of putting the mill in it and they did go there and put the mill and engine in it and attach it securely and firmly to the soil then it became a fixture and he had no right to remove it."

Assignments of error under the third exception: Error in instructing the jury as to the law of fixtures, in that it was error to instruct the jurors that (a) "if this mill and engine and things of that sore was a part of, or fixed, or attached to the house," "it became a fixture;" and error to instruct them that (b) "if the house was built around it" "it became a fixture;" and error to instruct them that (c) "if the house was built there for the purpose of putting the mill in it, and they did go there and put the mill and engine in it, and attach it securely and firmly to the soil, then it became a fixture and he had no right to remove it." And error, in that connection, in not charging the jury, as requested, "That where a structure is placed upon land, not to promote the convenient use of the land, but to be used for some temporary purpose, external to the land, and the land is used only as a foundation, because some foundation is necessary for the business, then the structure and its belongings are not fixtures."

4. Error in instructing the jury that the personal property—the engine, mill, pump and pipe—was covered by the order of Judge Wilson in the case of *John L. Rainey* v. *Southern Railway Co. et al.,* and that W. L. Hill lost his ownership in those articles if he did not remove them within the time limited in that order, when the order specifically covered the houses only, without any mention whatever of the mill, engine, pipe and pump, which were articles of personal property, and did not pass by the deed of John L. Rainey to the plaintiffs herein, even if they belonged to John L. Rainey.

*Messrs. Hart & Hart,* for appellants, submit: *Judge should have passed upon requests:* 67 S. C. 199, 200.   *First request borrowed from:* 51 S. C. 29.   *See, also:* 10 Rich. L. 137, 139; 14 S. C. 363; 1 Bail. L. 540; 2 Strobh. L. 478.

*Mr. J. S. Brice,* for respondent, submits: *Charge should be construed as a whole:* 37 S. C. 335; 41 S. C. 440; 91 S. C. 104; 94 S. C. 230.   *Fixtures:* 92 Va. 747; 117 N. C. 1; 73 Conn. 318; 82 Iowa 350.

February 10, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In 1888 or 1889, John L. Rainey conveyed a lot in the town of Sharon, York county, to a railroad company by a deed, which provided that the lot was to be used only for a depot site.   The deed was never recorded, and the company did not use the lot for a depot site, but it was generally believed in the community that the lot belonged to the company.   In 1901, the defendant, Hill, obtained the consent of the company to erect a cotton gin, grist mill and planing mill on the lot.   The buildings were erected and machinery installed therein and some wells were bored and fitted with pipes and pumps for use in connection with the running of the machinery.   This was done with the knowledge and acquiescence of Rainey.   In 1904, Rainey brought suit against the company and Hill to recover possession of the lot, on the ground that it was not being used for the purpose for which it had been conveyed.   In that suit, it was adjudged that Rainey recover possession of the lot and that Hill have until May 1, 1908, to remove his buildings, and that, on and after that date, he should vacate and surrender the premises to Rainey.   Nothing was said in the decree about the machinery.   Hill failed to remove the buildings or machinery within the time specified.   In November, 1908, Rainey conveyed the lot to his daughters, the plaintiffs

herein. Thereafter, and after he had been notified by the plaintiffs not to trespass upon the lot, Hill went on it and removed certain machinery, to wit, an engine and grist mill, and took up and carried off the pipes and pumps out of the wells.

This action was brought to recover actual and punitive damages for the conversion of the property and for the trespass.

The plaintiffs base their claim to damages for the conversion of the property on the contention that it had been so attached to the freehold as to become fixtures, and pass to them with the lot.

The engine, which was what is known as a stationary engine, was bolted to heavy timbers which were embedded in the soil. The mill was set upon and fastened to a frame work of heavy timbers, and the floor of the building was laid around it.

At the trial, the defendant admitted liability for nominal damages for the trespass in removing the property after the time specified in the decree above mentiond, but denied liability for the alleged conversion, contending that the property removed was his own. He requested the following instructions:

"1. That where a structure is placed upon land, not to promote the convenient use of the land, but to be used for some temporary purpose, external to the land, and the land is used only as a foundation, because some foundation is necessary for the business, then the structure and its belongings are not fixtures. *Hughes* v. *Shingle Co.*, 51 S. C. 29, 28 S. E. 20.

2. It is for the Court, and not for the jury, to construe all instruments in writing. The jury is charged that the deed offered in evidence will not, or did not, carry articles in the houses, or in or on the land, that were not fixtures."

The presiding Judge refused these requests, and, on the contrary, instructed the jury that: "If this mill and engine and things of that sort was a part of, or fixed, or attached to the house, if the house was built around it, or if the house was built there for the purpose of putting the mill in it and they did go there and put the mill and engine in it and attach it securely and firmly to the soil, then it became a fixture and he had no right to move it."

Under this instruction, the jury found for plaintiffs $750 damages, and from judgment on the verdict, this appeal was taken. We think the learned Judge erred in refusing the defendant's requests, and in giving the instructions above quoted. While the manner in which a thing is attached to the soil may be of some value in determining whether it is a fixture or not, it does not afford an absolute or conclusive test. The intention with which it is so attached is usually a more controlling factor. Yet all the circumstances should be considered, especially as they throw light upon the intention. Houses are frequently built and expensive machinery installed therein with every appearance of permanency; yet it is done under a license from the owner of the soil, or under a lease thereof, and under agreement for and with the intention of removal at the expiration of the license or lease. In such cases, they are not fixtures. *Hughes* v. *Shingle Co.,* 51 S. C. 1, 28 S. E. 2; *Hurst* v. *Craig Furniture Co.,* 95 S. C. 221, 78 S. E. 960; *Rawls* v. *Ins. Co.,* 97 S. C. 189, 81 S. E. 505.

The decree in the case of *Rainey* v. *Hill and others,* in effect adjudged that the buildings, and, of course, the machinery therein, were not fixtures.· Nothing occurred thereafter to change the status of this property except the failure of Hill to remove it within the time specified in the decree. But that did not forfeit his property therein. It is conceded, however, that it did have the effect of making him a trespasser, when he went

upon the lot to remove it, after the expiration of the time allowed in the decree. But as we can not tell whether the damages awarded are solely for the trespass, or whether they included damages for the conversion of the property, there must be a new trial.

Judgment reversed.

MR. JUSTICE WATTS, having heard the case on the Circuit, was disqualified, and did not sit on the hearing of this appeal.